UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

                 Plaintiff,

      v.

SURGEON GENERAL, et al.,

                 Defendants.

NO.  C19-878 MJP

**REPORT AND RECOMMENDATION**

       On June 4, 2019, plaintiff, a detainee at the King County Jail filed a proposed 42 U.S.C. § 1983 complaint and application to proceed *in forma pauperis*. Dkt. 1. According to the Court's records plaintiff has filed 17 complaints in this Court and has three strikes under 28 U.S.C. § 1915(g). The Court has reviewed the complaint and recommends it be DISMISSED with prejudice and be counted as a strike.

## BACKGROUND

       The complaint names the Surgeon General of the United States, Loretta Lynch the former Attorney General, the United States of America, the Prime Minister of Israel, Bill Gates of Microsoft, a CBS news reporter, and others of plaintiff's "so called family." Dkt. 1 at 2-3. Plaintiff alleges there is a conspiracy to kill him and to conceal his true identity as a descendent of Abraham, Moses and Jesus; secret hearings have been conducted outside his presence; there is an alien life form on Earth; portals into his body have been opened by magic; and the Ark of

God's covenant has been kept away from him. Plaintiff alleges these acts place him in danger; he therefore requests the court to appoint a "psychic/extra/sensory/attorney who is not afraid to (die) . . . able to withstand witchcraft/voodoo/satanism." *Id.* at 5.

## DISCUSSION

The complaint should be dismissed for two reasons, First, the Court is required to review complaints filed by prisoners such as plaintiff and must dismiss prisoner complaints which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir.2000). The complaint fails to state a claim upon which relief may be granted. There are no facts that establish any of the named defendants violated plaintiff's constitutional rights. Some of the defendants, such as Bill Gates, are not state actors and therefore cannot be held liable under § 1983. Plaintiff also makes conclusory allegations that are not tethered to verified facts. This includes claims such as the existence of alien life forms and the use of magic to create portals into his body in order to harm him.

While *pro se* pleadings should be liberally construed, there is no reading of the complaint that would support a finding that it states a cognizable claim for relief. The complaint should therefore be dismissed with prejudice under 28 U.S.C. § 1915A(b). Leave to amend should be denied because no amendment would cure the deficiencies contained in the current complaint.

The complaint should also be dismissed under the Three Strikes Rule. Under § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be barred from bringing any other civil action or appeal *in*

*forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court's records show that at least three of the cases plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Lewis v. Seattle Police, et al.*, 01-1246 ("This dismissal shall count as a dismissal under 28 U.S.C. § 1915(g); *Lewis v. King County et al.,* 09-1039 ("This dismissal shall count as a 'strike' under 28 U.S.C. § 1915(g); and *Lewis v. King County*, 18-1798 ("This dismissal shall count as a 'strike' under 28 U.S.C. § 1915(g).

   Having liberally construed the facts presented, the Court finds plaintiff ineligible to file this lawsuit in federal court without paying $400 ($350 filing fee plus $50 administrative fee). *See* 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

   Accordingly, if the Court does not adopt the recommendation that the complaint be dismissed with prejudice for failing to state a claim upon which relief may be granted, the Court recommends that any IFP application plaintiff presents in this matter be denied, and that plaintiff be required to pay the filing fee or face dismissal of the case.

## CONCLUSION

   The complaint should be dismissed with prejudice because it fails to state a claim upon which relief may be granted. No amendment would cure the deficiencies in the complaint and thus leave to amend should not be granted. If this recommendation is not adopted, the

REPORT AND RECOMMENDATION - 3

complaint should be dismissed without prejudice under § 1915(g) the three-strikes rule, absent payment of the filing fee.

A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **June 24, 2019.** If plaintiff believes he can cure his deficient complaint, he should file an amended complaint along with any objections he files. The Clerk should note the matter for **June 28**, **2019**, as ready for the District Judge's consideration. Objections are limited to 8 pages. The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the assigned district judge.

**DATED** this 10th day of June, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4